IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-452-WW

| | |
|---|---|
| KIMBERLY MELISSA PULLEN, ) ) Plaintiff, ) ) v. ) ) ) CAROLYN W. COLVIN, ) Acting Commissioner of Social ) Security, ) ) Defendant. ) ) | **MEMORANDUM & ORDER** |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. DEs-29 & 34. The time for filing any responses or replies has expired, and, therefore, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to magistrate judge jurisdiction over these proceedings. DEs-21 & 22.

For the following reasons, the Court GRANTS Plaintiff's motion, DENIES Defendant's motion, and remands the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**Statement of the Case**

Plaintiff protectively filed concurrent applications for supplemental security income and disability insurance benefits on January 25, 2010, alleging disability beginning November 29, 2009. Tr. 66, 75. Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") on December 20, 2011, and the ALJ determined that Plaintiff was not disabled in a decision dated March 13, 2012. *Id.* at 20-32. The Social Security Administration's Office of Disability Adjudication and Review denied Plaintiff's

request for review on April 22, 2013, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1. Plaintiff filed the instant action on June 24, 2013. DE-5.

**<u>Standard of Review</u>**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive….

42 U.S.C. § 405(g). "Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

But before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether Defendant has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *Sterling Smokeless Coal Co. v. Akers,* 131

2

F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). While the ALJ is not required to discuss each and every piece of evidence in the record, *Aytch v. Astrue*, 686 F. Supp. 2d 590, 602 (E.D.N.C. 2010), without a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. *Arnold v. Secretary of Health, Ed. and Welfare*, 567 F.2d 258, 259 (4th Cir. 1977). Remand is therefore appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. *Ivey v. Barnhart*, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing *Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir. 1987)).

## ANALYSIS

Title II of the Social Security Act provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability, as defined by the Act. 42 U.S.C. § 423(a)(1)(D). Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program. *Id.* § 1382(a). Both titles define "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." *Id.* §§ 423(d)(1)(A) & 1382c(a)(3)(A) (emphasis added). More specifically, an individual is considered disabled under the Act

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job

3

> vacancy exists for him, or whether he would be hired if he applied
> for work.

*Id.* §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Accordingly, the Social Security Administration has promulgated the following regulations establishing a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b).[1] If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

*Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). The ALJ followed the sequential evaluation in this case. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 29, 2009. Tr. 22. At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder, depression, and obesity. *Id*. The ALJ then determined that Plaintiff did not have an impairment that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 23. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform medium work, that she could lift and carry 50

---

[1] The five step analysis applies to both supplemental security income and disability insurance benefits. *Compare* 20 C.F.R. Part 404 subpart P *with id.* Part 416 subpart I. For simplicity, only 20 C.F.R. Part 404, which governs disability insurance benefits, is cited herein.

[2] An individual's RFC is what that person can still do despite physical and mental impairments. 20 C.F.R. § 404.1545(a).

4

pounds occasionally and 25 pounds frequently, that she can sit, stand or walk up to 6 hours each in an 8-hour workday, that she was limited to simple, routine, repetitive tasks, and that she can only occasionally interact with others, including co-workers, supervisors, and the general public. *Id*. at 24. The ALJ then found that Plaintiff was not able to perform past relevant work. *Id*. at 30. But based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id*. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*. at 31.

Plaintiff raises several objections to the ALJ's assessment of the evidence. First, Plaintiff argues that the ALJ erred by failing to give controlling weight to the medical source statement provided by her treating psychiatrist, Dr. Kimberly Johnson. DE-30 at 2. Plaintiff additionally contends that the ALJ's credibility determination was in error. *Id.* at 5. Finally, Plaintiff asserts that the ALJ erred in failing to account for Plaintiff's moderate limitation of concentration in the hypothetical question. *Id.* at 9.

Because the undersigned concludes that remand is warranted due to the ALJ's misstatements in determining Plaintiff's credibility, Plaintiff's remaining objections are not addressed. *See Powell v. Astrue*, No 5:09-cv-290, 2010 WL 3075526, at *4 (E.D.N.C. Jul. 16, 2010) (declining to address other arguments when recommending remand based on ALJ's failure to provide adequate analysis of treating physician's opinion), *adopted by* 2010 WL 3075522 (E.D.N.C. Aug. 5, 2010).

**A. The ALJ's Credibility Determination Is Not Supported By Substantial Evidence.**

When a claimant makes subjective assertions of pain or other disabling symptoms, the ALJ applies a two-step process. *Craig*, 76 F.3d at 594. "First, there must be objective medical

5

Case 5:13-cv-00452-KS   Document 37   Filed 04/28/14   Page 5 of 10

evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting 20 C.F.R. § 404.1529(b)) (emphasis omitted). Second,

> [i]t is only after a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated.

*Id.* at 595. At this second step, the ALJ considers "the entire case record, including the objective medical evidence, the individual's own statements . . . and any other relevant evidence in the case record." SSR 96-7p, 1996 WL 374186, at *4 (Jul. 2, 1996). Because "symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone," all other information about symptoms, including statements of the claimant, must be "carefully consider[ed]" in the second part of the evaluation. 20 C.F.R. § 404.1529(c)(3). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p. "Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence." *Craig*, 76 F.3d at 595.

"[B]ecause [s]he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). An ALJ's credibility determination therefore "should be accepted by the reviewing court absent exceptional circumstances." *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (quoting *NLRB v. Air*

6

*Products & Chemicals, Inc.*, 717 F.2d 141, 145 (4th Cir. 1983)); *see also Meadows v. Astrue*, No. 5:11-cv-63, 2012 WL 3542536, at *9 (W.D. Va. Aug. 15, 2012) (upholding ALJ's credibility determinations where they were neither unreasonable nor contradicted by other findings). Nonetheless, to enable meaningful review, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record." SSR 96-7p, 1996 WL 374186, at * 2.

Here, the ALJ set forward several reasons for discounting Plaintiff's subjective complaints. Tr. 25-26. In particular, the ALJ found tension between Plaintiff's testimony that she had "daily suicidal thoughts or thoughts of death," see Tr. 52, and mental health treatment notes that the ALJ describes as Plaintiff "convincingly report[ing] having no such thoughts." Tr. 25. The ALJ thus characterized Plaintiff's testimony as "reporting greater symptoms than she actually experiences to influence the outcome of the decision." *Id.* Next, the ALJ pointed out that Plaintiff's treatment had been conservative, and that she had only been hospitalized once, in an incident precipitated by excessive drinking. Tr. 26. Finally, the ALJ found that Plaintiff's symptoms "have responded to treatment" and that she "reported significant improvement in her mental symptoms with the use of psychotropic medications and treatment visits." *Id.* The ALJ asserted that "exacerbations" of symptoms only occurred either when Plaintiff was drinking heavily or was unable to refill her medications. *Id.*

Despite the deferential standard of review applied to credibility determinations, *Shively*, 739 F.2d at 989, because the ALJ misstated or ignored relevant objective evidence, the undersigned is unable to conclude that the ALJ's credibility determination is supported by substantial evidence.

First, the ALJ misstated the record when she concluded that Plaintiff's treatment notes

7

indicate that she "convincingly reported" having no suicidal thoughts or thoughts of death. Although Plaintiff denied suicidal ideations throughout 2010 treatment records, *e.g.*, Tr. 292-299, the medical evidence from 2011 includes a multitude of complaints of suicidal thoughts. In February 2011, Plaintiff reported that voices had told her to run into traffic. Tr. 323. On March 31, 2011, Plaintiff reported that she had thought about cutting her wrists a "couple" of days prior to her visit. Tr. 322. On May 2, 2011, treatment records note that suicidal ideas had been occurring, though Plaintiff denied intent to follow through. Tr. 364-365.

Additionally, on May 23, 2011, Plaintiff visited an emergency care center after experiencing suicidal thoughts: the center reported her complaint as a suicide threat and reported Plaintiff as saying that she felt like she would hurt herself if she was alone, and that she had woken up that day and "wanted to end it all." Tr. 330-331. The ALJ does not mention this record at all; she references only Plaintiff's November 29, 2009 hospital visit. Tr. 26. Finally, in December 2011, Plaintiff expressed to her doctor that she wished to be dead, though she denied suicidal intentions. Tr. 374. In sum, these records compel the conclusion that the ALJ's credibility determination—based on the ALJ's belief that Plaintiff's testimony exaggerated the severity and frequency of her suicidal thoughts— is not supported by substantial evidence. *See, e.g., Kiely v. Astrue*, No. 3:10-cv-1079, 2011 WL 5078620, at *2 (D. Conn. Oct. 25, 2011) ("Citing specific reasons for conclusions [regarding a credibility determination] will not save such conclusions when the reasons are not firmly based in the record.").

The ALJ's conclusion that Plaintiff's symptoms "have responded to treatment," Tr. 26, likewise disregards a surfeit of contradictory evidence in the record. Indeed, the ALJ's decision itself is inconsistent in this regard: the ALJ summarizes records stating that Plaintiff had only a "partial response" to treatment, mentions that Plaintiff's anxiety and hallucinations did not

8

improve following a change in medication, and notes that Plaintiff's medication was changed again after her anxiety symptoms *worsened*. Tr. 28. As for the objective medical evidence, Plaintiff's treatment records from June, July, September, October, and December 2011 all characterize Plaintiff's condition as having either only a "partial response" to treatment or an "inadequate response" to treatment, with symptoms largely "unchanged," "continued," or "chronic." Tr. 355, 359, 357, 353, 351, 374-375. These records are completely at odds with the ALJ's conclusion that Plaintiff "has reported *significant* improvement in her mental symptoms." Tr. 26 (emphasis added). And while the ALJ's conclusion appears to rest upon any symptom "exacerbations" as occurring following either heavy drinking or an inability to refill her medications, that refers to only November 29, 2009—the alleged disability onset date, when Plaintiff was hospitalized, Tr. 252—and one of Plaintiff's 2011 treatment records. Tr. 26; 353. Yet the other 2011 treatment notes, as discussed above, assess Plaintiff has having minimal improvement, despite her medication compliance as of those treatment dates. *See* Tr. 355, 359, 357, 351, 374-375.

    In sum, the ALJ's credibility determination was based upon misstatements of the record, and her opinion of Plaintiff's veracity was plainly colored by these errors. Accordingly, the ALJ's credibility determination is not supported by substantial evidence, and remand is warranted. *See Morgan v. Astrue*, No. 2:11-cv-2922, 2013 WL 625097, *8 (D.S.C. Jan. 30, 2013) (remanding case where the ALJ made a "plain misstatement" of the record regarding the frequency of plaintiff's breathing attacks that "touches and concerns both the credibility determination and ultimately the RFC"); *Windus v. Barnhart*, 345 F. Supp. 2d 928, 945 (E.D. Wis. 2004) ("[T]he court need not defer to a credibility determination based on a misunderstanding . . . of the evidence.").

**CONCLUSION**

For the reasons discussed above, the Court GRANTS Plaintiff's motion for judgment on the pleadings (DE-29), DENIES Defendant's motion for judgment on the pleadings (DE-34) and, pursuant to sentence four of 42 U.S.C. § 405(g), remands the matter for further proceedings consistent with the foregoing directives. The clerk of court is directed to close the case.

SO ORDERED in Chambers at Raleigh, North Carolina on Monday, April 28, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE